# EXHIBIT A

Garvey, Tirelli & Cushner, Ltd.
*Attorneys for Debtor*
50 Main Street, Suite 390
White Plains, New York 10606
T: (914) 946-2200 / F: (914) 946-1300
Todd S. Cushner, Esq.
todd@thegtcfirm.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**
------------------------------------------------------X
In re:

    Gerald J. Casesa,

             Debtor
------------------------------------------------------X

Chapter 11
Case No. 15-36684 (CGM)

## GERALD J. CASESA'S CHAPTER 11 PLAN OF REORGANIZATION DATED DECEMBER 2, 2016

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Gerald J. Casesa (the "Debtor") from cash flow from employment.

This Plan provides for two (1) class of secured claims and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions in the approximate amount of 9 cents on the dollar. This Plan also provides for the payment of administrative and priority tax claims in full with respect to any such claim.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS

| | | |
|---|---|---|
| 2.01 | Class 1. | Secured Claim of Ocwen Loan Servicing, LLC pursuant to section 506 of the Bankruptcy Code. |
| 2.02 | Class 2. | All unsecured claims allowed under § 502 of the Code. |

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid on the Effective Date or on such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid in full, in equal quarterly installments, over not more than five (5) years from Petition Date, with interest at the rate established by the Internal Revenue Service pursuant to 26 U.S.C. Section 6672 or pursuant to such other relevant statute. The first payments shall commence as soon as practicable after the Effective Date, but in no event later than thirty (30) days after the effective date of this Plan.

3.04    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees, and any applicable interest thereon) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees, and any applicable interest thereon, owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS UNDER THE PLAN

4.01    Claims shall be treated as follows under this Plan:

| CLASS # | DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|---|
| 1 | Deutsche Bank Collateral Description: 8 Roselawn Road, Highland Mills, NY 10930 Allowed Secured Claim Amount: $583,851.36 Priority of Lien: First Principal owed: $583,851.36 Pre-pet arrearage: $0.00 Total claim: $583,851.36 | Unimpaired | Monthly Pmt.: $2,450.70 Pmts. Begin: 08/01/2016 Pmts. End: 11/01/2034 Interest rate: 3.25000% Treatment of Lien: Secured creditor shall retain its security interest in property until paid in full. |

2

| CLASS # | DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|---|
| 2 | All unsecured claims allowed pursuant to 11 U.S.C. § 502 | Impaired | Class 2 is impaired under this Plan, and each holder of a Class 2 General Unsecured Claims shall receive a distribution up to 100% of their Allowed Claim, in cash, from the Debtor's disposable income for five years from the Filing Date, made in quarterly payments in a minimum amount of $905.75 per quarter, for total aggregate plan payments totaling $18,115.00. The Class 2 Claims total the sum of $186,627.78 which includes the claim of Schoomaker Homes – John Steinberg Inc. in the amount of $181,737.68 which was reclassified as a nonpriority unsecured claim pursuant to an Order of Stipulation and Settlement that was submitted to this Court for approval on November 30, 2016. Given the current size of the unsecured creditor pool, Class 2 general unsecured creditors can expect to receive about 9.700% of their claims. Class 2 is entitled to vote on the Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. There are no disputed claims on the Effective Date, and as such, there is no need for a disputed claims reserve to be established.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII.

| N/A | N/A |
|---|---|

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.

3

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan shall be funded from 5 years of the Debtor's disposable income, made in quarterly distributions in an amount no less than $3,623.00 per year, for total aggregate plan payments of $18,115.00. The Debtor shall first make the contribution necessary to make the payments of the amounts required on confirmation, namely outstanding United States Trustee fees pursuant to 28 U.S.C. Section 1930 and any applicable interest, if any that are unpaid as of the Effective Date. Pursuant to Section 1115(a) of the Code, the Debtor is committing all of his disposable income and property to the Plan. Plan payments shall be made by the Debtor as the disbursing agent.

## ARTICLE VIII
## DEFAULT

8.01    It shall be an event of default if the Debtor fails to make any payment as provided in the Plan.

8.02    Upon written receipt from any creditor of notice of default relating to payment, the Debtor shall have a period of thirty (30) days from receipt of such notice to cure such default and during such thirty (30) day period, the creditors shall take no action to terminate this Plan. If such default is cured by the Debtor within said thirty (30) day period, the Plan shall continue in full force and effect. Should the Debtor's default continue, post notice, the creditor shall make application to the court prior to taking any action to enforce its rights in connection with collection of said debt. Any notices of default under the Plan shall be sent to the Debtor and Debtor's attorneys.

8.03    If full payment is not made within 30 days of such demand, then the creditors may collect any unpaid liabilities, and the automatic stay of 11 USC § 362 (a) is lifted for this purpose without further order of the Court.

## ARTICLE IX
## GENERAL PROVISIONS

9.01    <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

9.02    <u>Effective Date of Plan.</u> The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

4

9.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.07    Releases.

(a)    **Satisfaction of Claims and Interests in the Debtor.** The treatment to be provided for respective Allowed Claims against Debtor pursuant to the Plan shall be in full satisfaction, settlement and release of such respective Claims.

(b)    **Injunction.** As of the Confirmation Date, except as provided in the Plan or the Confirmation Order, all Persons who, directly or indirectly, have held, hold or may hold Claims against the Debtor, are permanently enjoined from taking any of the following actions on account of any such Claims, debts, interests or liabilities, other than actions brought to enforce any rights or obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding against the Debtor or his respective properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor, or his respective properties; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or his respective properties; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or his respective properties, and (v) commencing or continuing, in any manner or any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

## ARTICLE X
## DISCHARGE

10.01    Discharge. In accordance with §1141(d)(5) of the Bankruptcy Code, upon the completion of all payments required under the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(5)(A) or (B) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B). In accordance with §1141(d)(5) of the Bankruptcy Code, the Court shall upon notice, re-open the Debtor's case to effectuate a discharge of all debts provided for in the Plan.

10.02    Final Decree. Pursuant to S.D.N.Y Local Rule 3022-1, within 14 days following the full administration of the estate, the plan proponent shall file, on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

10.03    Post-Confirmation Reports. Pursuant to §1106(a)(7) of the Bankruptcy Code, the Debtor shall be responsible for filing post-confirmation reports detailing the actions taken and the progress made toward the consummation of the Plan, which reports shall be filed on the 15th day of each October, January, April and July thereafter until the Debtor's case is closed, converted, or dismissed, whichever happens earlier

## ARTICLE XI
## RETENTION OF JURISDICTION

11.0    Jurisdiction of Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, Sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a)    to hear and determine any motions for the assumption, assumption and assignment or rejection of executory contracts or unexpired leases and the allowance of any Claims resulting therefrom;

(b)    to determine any and all adversary proceedings, applications and contested matters relating to the Chapter 11 Case, whether pending as of the Effective Date;

(c)    to hear and determine any objection to any Claims;

(d)    to hear and determine Causes of Action;

(e)    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(f)    to issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

(g)    to consider any modifications of the Plan, to cure any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h)    to hear and determine all applications for compensation and reimbursement of expenses of professionals under Sections 330 and 503(b) of the Bankruptcy Code;

(i)    to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

(l)    to hear and determine matters concerning state, local and federal taxes in

accordance with Sections 346, 505 and 1146 of the Bankruptcy Code (including any requests for expedited determinations under Section 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Commencement Date through the closing of the Chapter 11 Case);

      (m)    to hear any other matter consistent with the provisions of the Bankruptcy Code; and

      (n)    to enter a final decree closing the Chapter 11 Case.

Dated: White Plains, New York
       December 2, 2016

Respectfully submitted,

                                                    Garvey, Tirelli & Cushner, Ltd.
                                                    *Attorneys for the Debtor*
                                                    50 Main Street, Suite 390
                                                    White Plains, New York
                                                    (914) 946-2200

_____        _____
GERALD J. CASESA, DEBTOR                      TODD S. CUSHNER, ESQ.

7